*[handwritten annotations: "D+F", "Order", "The recommendation is adopted", "s/ Judge Edward R. Korman", "6/7/06", "hold in abeyance until 5/31"]*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

J&J SPORTS PRODUCTIONS, INC. as Broadcast
Licensee of the July 16, 2005 HOPKINS/TAYLOR
Program,

         Plaintiff,

  -against-

GERARD J. LOUISIAS, JR., Individually and d/b/a
X-CLUSIVE HAIR CUTTERS a/k/a X-CLUSIVE
BARBER SHOP a/k/a XCLUSIV, and X-CLUSIVE
HAIR CUTTERS a/k/a X-CLUSIVE BARBER SHOP
a/k/a XCLUSIV,

         Defendants.
------------------------------------------------------------------X

REPORT AND
RECOMMENDATION

06-CV-339 (ERK) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

  Plaintiff, J&J Sports Productions, Inc. ("J&J Sports"), brings this action against defendants, Gerard J. Louisias, Jr. and X-Clusive Hair Cutters (collectively "defendants" or the "barber shop"), alleging that they violated the Federal Communications Act of 1934, codified as amended at 47 U.S.C. §§ 553 and 605. Compl. ¶¶ 1, 19-36. More specifically, plaintiff alleges that defendants engaged in the unlawful interception and exhibition of the Hopkins/Taylor pay-per-view boxing event on July 16, 2005 (the "Event"). Compl. ¶ 19.

  Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, on April 12, 2006 the Clerk of the Court noted defendants' default pursuant to Fed. R. Civ. P. 55(a). Docket Entry 8. The Honorable Edward R. Korman then referred this case to me for a report and recommendation on the issue of damages. Docket Entry 9. In support of its default motion and application for damages plaintiff has submitted, *inter alia*, the affidavits of its President, Joseph Gagliardi, dated April 6, 2006, 2006 ("Pl. Aff."), and its counsel, Julie